# Dennis v. Chilton County.

*Contest of Stock Law Election.*

(Decided May 13, 1915.   68 South. 889.)

1. *Animals; Stock Election; Contest; Petition.*—Where the petition alleged as a ground for contest the malconduct, fraud or corruption * * * of officers of said election, and that the votes cast for "stock law no" were counted for "stock law yes," and that such votes, if legally counted would have shown a different result, an amendment thereto alleging that the election officers substituted ballots for stock law yes, though marked for stock law no, and counted them for stock law yes, and that if such votes had been legally counted, the result would have been different, was not objectionable as setting up a new ground of contest.

[Dennis v. Chilton County.]

*2. Election; Secrecy; Privilege of Witness.*—Where no witness claimed his right to refuse to testify as to how he voted in a contest of stock law election, it was error to exclude questions inquiring of the witnesses whether they voted for or against the stock law.

APPEAL from Chilton Probate Court.

Heard before Hon. E. B. DEASON.

Contest by John S. Dennis of a stock law election held in Chilton county. From a judgment denying the contest he appeals. Reversed and remanded.

MIDDLETON & REYNOLDS, for appellant.

VICTOR J. HEARD, for appellee.

GARDNER, J.—This appeal presents for review the rulings of the judge of the probate court upon a hearing of a contest of a stock law election held in precinct No. 11, Chilton county. The record shows the petition filed with commissioners' court of said county, seeking an election to be held in precinct No. 11, to determine whether or not the qualified electors of that precinct favored a law prohibiting the running at large of stock. No question is raised as to the regularity of the proceedings calling the election, nor the regularity of any of the orders of the court in relation thereto. The election was held on December 19, 1914, and on the 22d of December the result thereof was duly declared in favor of said stock law.—Code, 1907, § 5884. The statement of the court of county commissioners, declaring the result, showed a total of 71 votes cast, 33 of which were for "Stock Law No," and 38 were for "Stock Law Yes," and from the face of said returns the court ascertained and duly declared the result as before stated.

(1) Appellant, a qualified voter, under the laws of Alabama, of said precinct No. 11, on January 5, 1915,

duly filed a contest of said election. No question is here presented as to the sufficiency of the contest. The first ground of contest as set out in his petition was "on account of malconduct, fraud, or corruption on the part of the officers of said election," and it was alleged that votes cast for "Stock Law No," were counted for "Stock Law Yes," and that such votes, if legally counted, would have shown a majority of the voters against said stock law. The record discloses a compliance by the contestant with the provisions of section 5887 of the Code. He served notice on the county solicitor of the names of the witnesses he intended to use in the contest, 41 in number, and who he insists voted "Stock Law No," but whose ballots were illegally counted as for "Stock Law Yes." On the day of the trial, February 2, 1915, contestant filed an amendment to his petition, in which it was averred that the officers of said election, or either of them, substituted ballots for "Stock Law Yes," though marked for "Stock Law No," and counted them for "Stock Law Yes," and which votes, if legally counted, would have changed the result of said election. After the judge of probate had filed the amendment the contestee objected to the same on the ground that it constituted a new ground of contest, and had not been filed within the time fixed by law for filing the original contest. This objection was sustained, and this ruling of the court is assigned as error. Section 5887 of the Code provides that the election law pertaining to contests of an election of constable shall be observed in a contest of this character. Section 455 of the Code sets out the grounds upon which a contest may be had, the first ground being based on the malconduct, fraud, or corruption of any officer of election, or any other person. We presume the ruling of the court was based upon the holding in the case of

*Black v. Pate,* 130 Ala. 514, 30 South. 434, where it
was held that after the expiration of the time allowed
for the contest the statement of contest could not be
amended by the addition of a new ground, and this for
the reason that it would be productive of surprise to
the contestee, placing him at a disadvantage, and that
the policy of the law was to encourage and hasten the
determination of such contests.  We are of opinion,
however, that this authority has no application here,
for the reason that the amendment offered was clear-
ly but an amplification of the ground of contest as con-
tained in the original statement of petitioner.  It was
not a new ground of contest, and the objection to it
should have been overruled.  The question of amend-
ment in such cases is discussed in *Ex parte Shepherd,*
172 Ala. 205, 55 South. 627.

(2) Contestant called a large number of his witnesses
to the stand, and asked them whether or not in said
election they voted "Stock Law Yes," or "Stock Law
No."  The contestee objected to the question as pro-
pounded to each of the witnesses, and the objection was
sustained.  The ground upon which the action of the
court seems to have been based, and the only one here
argued, was that the witnesses had not waived the right
to refuse to answer.  The bill of exceptions recites that:
"None of the witnesses claimed the right upon the stand
to refuse to answer how he voted."

This ground of objection was not well taken.  The
bill of exceptions expressly discloses that the voters,
witnesess offered in this cause, laid no claim to secrecy
in their ballot, and clearly this was not a matter which
the contestee could take advantage of, the voter himself
making no objection, and it being entirely personal to
him.  If available at all, it clearly could not be made
so on initiation of the contestee only.—*McDonald v.*

*Wood,* 118 Ala. 589, 24 South. 86; *Sheppard v. Sartain,* 185 Ala. 439, 64 South. 57, fourth headnote.

For the error above indicated in sustaining objection to the amendment, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.