(114 So. 905)

### STATE ex rel. COE v. HARRISON.
(4 Div. 353.)

Supreme Court of Alabama.  Dec. 22, 1927.

1. Municipal corporations ☞138—Councilmen must continue to be qualified electors during term for which they "shall have been elected" (Code 1923, § 1761).

Code 1923, § 1761, providing that councilmen shall be qualified electors of municipality residing in ward from which they "shall have been elected" contemplates that councilmen, after election, shall continue to be qualified electors during their terms of office.

2. Municipal corporations ☞138—Councilman, being elected to office under authority of state, vacated office when he failed to timely pay poll tax (Code 1923, §§ 1761, 1935, 2575).

Since a municipal councilman is elected to office under authority of the state within Code 1923, § 2575, because under section 1935 he may exercise function of recorder, he vacates his office by failure to timely pay his poll tax during his term, since payment of poll tax is essential to qualification of an elector, and under section 1761 he must, after election, continue to be a qualified elector.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Quo warranto proceeding by the State of Alabama, on the relation of C. L. Coe, against J. V. Harrison. From a judgment for respondent, relator appeals. Reversed and remanded.

O. S. Lewis, of Dothan, for appellant.

The statute provides three conditions for a councilman to hold office; and, if either of these necessary qualifications is lacking, he is unlawfully exercising the office, and quo warranto will lie to oust him. Code 1923, §§ 1761, 1757.

Farmer, Merrill & Farmer, of Dothan, for appellee.

The fact that an elector has not paid his poll taxes, in so far as the Constitution is concerned, does not prohibit him from holding office. See Constitution, §§ 178, 182, 184. If an elector is qualified to hold office at the time he is elected, the fact that he becomes a disqualified elector does not disqualify him for continuing in office. Code 1923, § 2575; Finklea v. Farish, 160 Ala. 230, 49 So. 366. Code, § 1761, does not provide that the councilman

must pay poll taxes after election in order to remain in office.

SAYRE, J.  This proceeding brings into question the right of appellee to hold the office of councilman·of the city of Dothan. Appellee was eligible to the office when elected, but since his induction into office he has failed to pay the poll tax due from him to the state, and so, confessedly, at the time of the institution of this proceeding, was not a qualified elector.

The result depends upon the proper interpretation of section 1761 of the Code, reading as follows:

"1761 (1069) *Mayor and Council; Qualifications; Eligibility of.*—Every mayor, councilman and officer elected by the whole electorate of the city or town shall be a resident and qualified elector of the city or town in which he shall have been elected, and shall reside within the limits of the city or town during his term of office.  The councilmen shall be qualified electors of said city or town, residing within the limits of the ward from which they shall have been elected, and shall reside within the limits of said ward during the term of his office."

Appellee's view is that the section governs eligibility to office, but not the qualification of the councilman to continue to hold office, once he is elected and inducted into office according to law.  We have been unable to accept that view.

The legislative intention is to be gathered from the language of the quoted section and cognate provisions of the Code.  The decision in Finklea v. Farish, 160 Ala. 230, 49 So. 366, is referred to, but that we think sheds no decisive light upon the question to be decided.  It was there held that the Constitution (section 60), establishing certain qualifications, or disqualifications, for holding offices of trust or profit in this state, leaves the general qualifications, other than those specified in the section, to the determination of the Legislature.  More specifically, the decision was that the appellant in that case could not hold the office to which he had been declared elected, for the reason that he was not eligible at the time of the election. This record presents a different question.

[1, 2] It will be observed that the section of the Code now under examination is divided into two sentences, and that the simple purpose and effect of the second, in so far as it adds anything to the first, is to require that the councilman shall, during his term of office, reside within the limits of the ward from which he shall have been elected.  That much is clear.  But does he vacate his office by failing to pay his poll tax, thereby ceasing to be a qualified elector?  The answer is not clear beyond cavil, but is clear enough, in the absence of contrary indications, to afford a reasonable, and therefore a necessary, ground

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of decision. The literal requirement of both members of the section, and therefore of the section as a whole, is that the councilman shall be a qualified elector within the territory from which he "shall have been elected." The natural import of this language is that after election the councilman shall be a qualified elector, meaning, as we think, that he shall, during his term of office, continue to be a qualified elector. While the Legislature may determine, outside of the limits imposed by section 60 of the Constitution, the qualifications of holders of offices of trust or profit in this state, there seems to be a large measure of propriety in requiring that the officeholder shall be qualified to exercise the electoral franchise. Such is the general policy of the state as witnessed by section 2575 of the Code, where it is provided those persons are ineligible to, and disqualified for, holding office under the authority of this state who are not qualified electors, "except as otherwise expressly provided." Appellee was elected to a municipal office, but the functions of that office do not relate exclusively to local concerns, for, in the absence of the recorder, he may exercise in part the criminal jurisdiction of the state. Code, § 1935. It is not to be doubted that he was elected to an office under the authority of the state (Montgomery v. State ex rel. etc., 107 Ala. 372, 18 So. 157; Draper v. State, 175 Ala. 547, 57 So. 772, Ann. Cas. 1914D, 301), or that he is disqualified for holding the office he claims, unless section 1761 expressly provides otherwise. We do not find in that section any express provision otherwise. Rather, as we have already indicated the grammatical construction of section 1761 brings it into harmony with section 2575. The court is therefore of the opinion that appellee vacated the office of councilman when, during the term to which he was elected, he failed within the time allowed by law to pay the poll tax due the state.

It results that the judgment must be reversed and the cause remanded for judgment in agreement with the view here expressed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.