(125 So. 51)

### DAVIS v. TEAGUE.  (7 Div. 889.)

Supreme Court of Alabama.   Nov. 7, 1929.

As Modified on Denial of Rehearing Dec. 19, 1929.

James A. Embry, of Ashville, and M. M. Smith, of Pell City, for appellee.

C. R. Robinson, of Ashville, and O. D. Street & Son, of Birmingham, for appellant.

BROWN, J. ▆ The appellant's first contention is that the statement of contest filed by the appellee is fatally defective, because it does not "state facts" showing that contestant is a qualified elector; the petition merely averring, in the language of the statute, that he was such elector. Code 1923, § 550. We are of opinion that this contention is without merit. The statute confers the right of contest on "any elector" choosing to contest, and, while an averment that the contestant is such elector is a jurisdictional fact, essential to the invocation of jurisdiction to hear the contest, Pearson v. Alverson, 160 Ala. 265, 49 So. 756, yet where, as here, the averment follows the prescription of the statute averring "the name of the party contesting, and that he was a qualified voter when the election was held," it is sufficient. Code 1923, § 550, subd. 1; 9 R. C. L. 1167, § 155.

▆ The appellant's next contention is that the failure of the contestee to pay poll tax due from him for one or more years prior to his election did not render him ineligible to election to office; that, though section 2575 of the Code disqualifies one who is not a quali-

fied elector from holding office, the disqualification may be removed subsequent to the election, by the payment of all poll taxes due. The argument advanced in support of this contention is that the court in construing and applying the statute, Code of 1907, § 1467, in Finklea v. Farish, 160 Ala. 230, 49 So. 366, "did not note with sufficient care the verbiage" of the statute, and this lack of care superinduced its erroneous interpretation.

The question was considered in the later case, Shepherd v. Sartain, 185 Ala. 439, 64 So. 57, 61, and it was there observed, in respect to the first six subdivisions of the statute: "It is settled in this state, in harmony with reason and the weight of judicial authority, that 'ineligible' here means inelectable—that is, not capable of being chosen—and hence the qualifications enumerated relate to the date of election, and not merely to the date of actual induction into office."

This statute has, since these interpretations, been brought forward in the Code of 1923, and readopted by the Legislature without change of verbiage, carrying with it the previous interpretation, and this, under numerous decisions of this court, forecloses further controversy as to its meaning. Spooney v. State, 217 Ala. 219, 115 So. 308; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831.

Appellant's next contention is that appellee failed to sustain the averment of his statement of contest; that he was a qualified voter at the time of said election, by legal and competent evidence.

Among other items of evidence offered and received pertaining to this question, over appellant's objection, was the book made of the county registrars containing an alphabetical list of registered voters of Ashville, precinct No. 1, St. Clair county, for the year 1914, and returned by them to the office of the probate judge, under the provisions of section 318 of the Code of 1907, section 401 of the present Code.

When this section of the Code is read in connection with the preceding sections of article 3 of chapter 19 of the Code (section 370 et seq.), we think it is clear that the "registration list" made in the book furnished by the secretary of state under the provisions of section 397 of the Code, and returned to the judge of probate by the registrars under the provisions of section 401, must be regarded and held to be the official register—the permanent record—of qualified voters.

In the book offered by the appellee appeared the name "Duette Teague," born October 18, 1893, and in connection with this official register appellee testified that his name was "DeWitte Teague"; that the date of his birth was October 18, 1893; that he was the only person in Ashville precinct at the time of said registration named DeWitte Teague or "Duette Teague"; that when he registered he gave to the registrar his name as "DeWitte Teague"; that there was no "Duette Teague" living in Ashville precinct at that time; that the only other Teague living in Ashville precinct in 1914, who was then over 21 years, besides the witness, was witness' brother, A. G. Teague, two years older.

This parol testimony was admissible to identify the appellee as the person registered as "Duette Teague." Moseley's Adm'r v. Mastin, 37 Ala. 216; Mobile County v. Linch, 198 Ala. 57, 73 So. 423; Jones on Ev. § 451.

Appellee admitted that he had not paid a poll tax for the years subsequent to 1919, but testified that he had paid all poll taxes due by him up to and including said year, and gave evidence going to show that he honorably served in the military or naval service of the United States, between January 1, 1917, and November 11, 1918, and was honorably discharged from the service.

On the trial, and now, he invokes the provisions of the Fourteenth Amendment to the Constitution of 1901, adopted and ratified November 4, 1924, as a part of the present Constitution of this state, as relieving him from the necessity of paying poll tax to maintain his status as a legal voter. Said amendment reads as follows: "Section 194½. 'No person who honorably served in the Military or Naval service of the United States between January 1, 1917, and November 11, 1918, shall be required to pay the poll tax mentioned in the Constitution of Alabama: such persons shall be exempt from the payment of all poll taxes which have accrued or may hereafter accrue. This section shall be self executing and retroactive. The Judges of Probate shall issue certificates of exemption from the payment of such poll taxes to the persons entitled thereto under such rules and regulations as may be prescribed by the Governor.'" See General Acts 1923, page 573, § 194½.

Appellant's contention here is that said section offends the provisions of the Fourteenth Amendment to the federal Constitution, in that it deprives him of the equal protection of the law, citing in support of this contention, McLendon v. State, 179 Ala. 54, 60 So. 392, Ann. Cas. 1915C, 691, holding that a statute which levied a license tax on all persons engaging in a certain business, except Confederate soldiers who were exempt, was violative of the Fourteenth Amendment to the federal Constitution.

The right of suffrage and the right to hold an office under authority of the state, unlike the right of a citizen to engage in a gainful occupation, is not considered, as a general rule, a privilege or immunity belonging to a citizen of the United States, nor an inherent or natural right existing in the absence of constitutional provision or legislative enactment. It is rather considered as a political privilege or

civil right under the control of the state, which it may regulate or restrict, so long as the right of suffrage is not denied to any person on account of race, color, or previous condition of servitude. Washington v. State, 75 Ala. 582, 51 Am. Rep. 479; 6 R. C. L. 287, § 273; Minor v. Happersett, 21 Wall. 162, 22 L. Ed. 627; United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; Maxwell v. Dow, 176 U. S. 581, 20 S. Ct. 448, 44 L. Ed. 597.

The obligation to pay a poll tax is not an obligation that may be enforced by legal process or otherwise, but is an obligation to be performed voluntarily as a test of good citizenship, leaving to each individual otherwise qualified the right to determine whether he will qualify as a legal voter or not. Constitution 1901, §§ 194, 195.

We are therefore clear to the conclusion that the provisions of section 194½ in no way impinge the provisions of the Fourteenth Amendment of the federal Constitution, and there is no contention, nor ground for contention, that they offend the provisions of the Fifteenth Amendment.

The appellant's next contention is that records or books kept in the office of the judge of probate, purporting to contain a list of persons who paid poll taxes for the years 1901 to 1922, were not authorized by law, and were therefore not admissible as evidence. This contention is in the teeth of the decision of this court in Shepherd v. Sartain, supra, and the statutes authorizing and requiring such record to be "entered in a suitable book for that purpose, provided at the expense of the county," and filed in the office of the judge of probate. Code 1907, § 2079; Code 1923, §§ 3035, 453, 454, and 455.

The fact that the judge of probate did not know, and had never looked to see, whether or not appellant had paid poll taxes for each year, until this controversy arose, was material as tending to explain why appellant's name appeared on the lists issued by the witness as judge of probate, and to rebut the inference arising therefrom that appellant had paid all poll taxes required to maintain his status as a legal voter.

If in fact the appellant was not a qualified elector because of his failure to pay poll taxes, and his name appeared on the list of qualified voters through mistake or omission of duty of the judge of probate, the fact that his right to vote had only been questioned once before this contest arose was not material, and such fact, if it had been proven, was without legitimate tendency as showing such status.

While the registration list and book prepared and kept by the county board of registrars is conclusive as to the fact of the registration of those voters whose names affirmatively appear thereon, we see no impropriety in the action of the court in allowing the contestant to show, by cross-examination of the contestee, if he had knowledge of the fact that, during the years from 1902 to 1905, contestee's name appeared on the list, and that he (contestee) held a registration certificate.

The insistence that the case should be reversed because of the statement of counsel for appellee in argument to the court, "that.if any county ever had an efficient tax collector it was when St. Clair County had B. M. Hill as its tax collector," we regard as frivolous. The rule for reversal because of improper statement made by counsel in argument to a jury has never been applied to trial before the court, without a jury. The authority cited by appellant deals with "the general principles governing argument by counsel before a jury." 2 R. C. L. 404, § 1.

The appellant's next contention is that the contestant failed to prove that the contestee was declared elected to the office of clerk of the circuit court of St. Clair county. Courts take judicial notice of the commissioned officers of the state, the date of their commission, and the commencement and expiration of their term of office. McCarver v. Herzberg, 120 Ala. 534, 25 So. 3; Cary v. State, 76 Ala. 78; Sandlin v. Anderson, 76 Ala. 403.

Courts take judicial notice not only of who are, but who were in the past, clerks of said court, and may refuse to receive proof thereof. White v. Rankin, 90 Ala. 541, 8 So. 118; Cary v. State, supra; Wall v. State, 78 Ala. 417; Adler v. State, 55 Ala. 16.

The case was tried on record evidence and evidence given ore tenus, and the trial judge made a special finding of the facts, finding that the appellant had failed to pay on or before February 1, 1928, poll taxes due from him for the years 1901, 1902, and 1916, and therefore he was not a qualified elector on the 6th of November, 1928, and was not eligible to election to the office of clerk of the circuit court of St. Clair county.

After a careful review of the evidence in the case, we are not able to say that this conclusion is so manifestly against the weight of the evidence as to justify a reversal of the case on this finding of facts. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.