175 So. 268

## HUEY v. ETHERIDGE.

### 8 Div. 777.

Supreme Court of Alabama.

June 3, 1937.

Peach & Caddell, of Decatur, for appellant.

W. L. Chenault, of Russellville, for appellee.

ANDERSON, Chief Justice.

This case involves the contest of an election for mayor of Town Creek held September 21, 1936, wherein the appellant, J. F. Huey, received 83 ˙votes, Green Etheridge, the appellee, received 22 votes, and Tom Green got 13 votes. The ground of contest involved only the eligibility of the appellant, Huey, to hold the office at the time of the election. The facts disclose that said Huey.was a resident voter of Town Creek precinct when the election was held, but had not resided within the corporate limits of the town for three months next preceding the election.

The Municipal Code fixing the qualification for mayor and council of towns of the class to which Town Creek belongs, section 1761 of the Code of 1923, provides: "Every mayor, councilman and officer elected by the whole electorate of the city or town shall be a resident and qualified elector of the city or town in which he shall have been elected, and shall reside within the limits of the city or town during his term of office."

The appellant, Huey, had moved within the town some time before his election, but had not done so for three months prior to the said election. So, the question is, Was he a qualified voter in the town, and did he have to be at the time of the election? We think, as held by the trial court, that, under the statute, he had to be a qualified elector for and within the town, as distinguished from the county or precinct, at the time of the election. State ex rel. Coe v. Harrison, 217 Ala. 80, 114 So. 905. So, was he a qualified elector of and within the town not having resided therein for three months next preceding the election?

Section 178 of the Constitution of 1901 provides: "To entitle a person to vote at any election by the people, he shall have resided in the state at least two years, in the county one year, and in the precinct or ward three months, immediately preceding the election at which he offers to vote,. and he shall have been duly registered as an elector, and shall have paid on or before the first day of February next preceding the date of the election at which he offers to vote, all poll taxes due from him for the year nineteen hundred and one, and for each subsequent year; provided, that any elector who, within three months next preceding the date of the election at which he offers to vote, has removed from one precinct or ward to another precinct or ward in the same county, incorporated town, or city, shall have the right to vote in the precinct or ward from which he has so removed, if he would have been entitled to vote in such precinct or ward but for such removal."

It must be noted that this provision deals with the right to vote in any election and recognizes a distinction between "wards and precincts," thus applying to municipal as well as other elections. We therefore affirm the judgment of the circuit court in holding that the appellant was ineligible to the office of mayor at the time of the election.

So much of the judgment, however, as declared the contestant, Etheridge, to have been elected and entitled to the office, does not conform to section 564, of the Code of 1923, which deals with judgments to be rendered in such cases. There was no finding as to fraud or illegal voting,

but the only issue involved was the ineligibility of the appellant, Huey, who received a majority of votes over the other candidates, and the judgment is governed by the following portion of said section 564: "If the person whose election is contested is found to be ineligible to the office, judgment must be rendered declaring the election void, and the fact certified to the appointing power."

The judgment of the circuit court is affirmed in so far as it held that the appellant was not eligible to the office, but is reversed in so far as it held that the contestant had been elected to and was entitled to the office, and the cause is remanded in order that the proper judgment may be rendered by the trial court. The cost of this appeal to be taxed to the appellee and the cost of the trial court to be taxed against the appellant.

Affirmed in part, and reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.