181 So. 498

### Ex parte BULLEN.

#### 1 Div. 7.

Supreme Court of Alabama.
May 12, 1938.

Smith & Johnston, of Mobile, for petitioner.

Harsh, Harsh & Hare, of Birmingham, amici curiæ.

BROWN, Justice.

■ The facts upon which the circuit court adjudged the petitioner in contempt were spread upon the minutes of the court and embodied in the judgment, and the soundness of the court's ruling is presented here for review on petition for the common law writ of certiorari. Ex Parte Boscowitz, 84 Ala. 463, 4 So. 279, 5 Am. St.Rep. 384; Ex Parte Wheeler, Judge, 231 Ala. 356, 165 So. 74.

The facts as disclosed by the return to the writ are that the petitioner at the time of the election being contested and in respect to which he was called and sworn as a witness, was a qualified elector of Mobile County, domiciled in "Ward No. 9," of the City of Mobile, "continuously for more than a year next preceding said election." That at the time he registered as an elector in Mobile County, several years previous to said election, his domicile was in Ward No. 10, "but that several years ago he removed his residence and domicile from Ward No. 10 to Ward No. 9 in the City of Mobile." At the election held in September he voted in Ward No. 10.

■ If the vote so cast was a legal vote, petitioner was within his rights as an elector in refusing to disclose for whom he voted and the court erred in adjudging him guilty of contempt. Black v. Pate, 130 Ala. 514, 30 So. 434; Dennis v. Chilton County, 192 Ala. 146, 68 So. 889.

On the other hand, if his vote was illegal and subject to be rejected in the contest, the circuit court ruled correctly in requiring the petitioner to answer the question—"For whom did you vote in the election held in the City of Mobile, in September, 1937?" And the petitioner in refusing to answer said question, after being instructed by the court to do so, was guilty of a direct contempt, and was subject to punishment by fine and imprisonment, one or both. Code 1923, § 6676; Black v. Pate,

supra; Glenn v. Gnau, 251 Ky. 3, 64 S.W. 2d 168, 90 A.L.R. 1355, and authorities cited in note, pages 1363, 1364.

■ Having been called as a witness and sworn and examined as such in the contest, though he voted illegally, the Constitution and the statute guarantees to him, immunity from prosecution for such illegal act. Const.1901, § 189; Code 1923, § 547.

■ It is a familiar principle of law as well as political economy, that, residence at a particular place with the intention to remain there for an unlimited time, as a permanent place of abode constitutes domicile. A man can have but one domicile at one and the same time, though he may have numerous places of residence. "His place of residence may be, and most generally is, his place of domicile, but it obviously is not by any means necessarily so, for no length of residence without the intention of remaining will constitute domicile." Webster's New Int. Dict. 659; Lucky v. Roberts, 211 Ala. 578, 100 So. 878; Pope v. Howle, 227 Ala. 154, 149 So. 222.

■ "Domicile [once existing] continues until a new one is acquired." Talmadge's Adm'r v. Talmadge, 1880, 66 Ala. 199; State v. Judge of Ninth Judicial Circuit, 13 Ala. 805.

■ "The right of suffrage and the right to hold an office under authority of the state, unlike the right of a citizen to engage in a gainful occupation, is not considered, as a general rule, a privilege or immunity belonging to a citizen of the United States, nor an inherent or natural right existing in the absence of constitutional provision or legislative enactment. It is rather considered as a political privilege or civil right under the control of the state, which it may regulate or restrict, so long as the right of suffrage is not denied to any person on account of race, color, or previous condition of servitude." Davis v. Teague, 220 Ala. 309, 125 So. 51, 54; Id., 281 U.S. 695, 50 S.Ct. 248, 74 L. Ed. 1123.

Section 178 of the Constitution provides, that:

"*To entitle a person to vote* at any election by the people, *he shall have resided* in the state at least two years, in the county one year, and *in the precinct or ward three months, immediately preceding the election at which he offers to vote,* and he shall have been duly registered as an elector, and shall have paid on or before the first day of February next preceding the date of the election at which he offers to vote, all poll taxes due from him for the year nineteen hundred and one, and for each subsequent year; provided, that any elector who, within three months next preceding the date of the election at which he offers to vote, has removed from one precinct *or ward* to another precinct or ward in the same county, incorporated town, or city; *shall have the right to vote in the precinct or ward* from which he has so removed, if he would have been entitled to vote in such precinct or ward but for such removal." [Emphasis supplied.]

■ This section of the Constitution fixes the essential qualification of an elector in this state, and the requirements that: "He shall *have resided* in the state at least two years, in the county one year, and *in the precinct or ward three months, immediately preceding the election at which he* offers to vote," are used in the sense that he must be a domiciliary of the state, county and precinct or ward, at the time he offers to vote, except as provided in that section. [Italics supplied.] Chase v. Miller, 41 Pa. 403, 404; McCrary on Elections, 4th Ed., 73, § 98.

The requirements of residence in the state, county and precinct or ward in said section of the Constitution, are set down along with the requirement of registration and payment of poll tax for the year 1901 and each year thereafter, "on or before the first of February next preceding the date of the election at which he offers to vote," and it has been ruled here that one who has not paid his poll tax as required therein is not an elector and is disqualified to hold office. Frost v. State ex rel. Clements, 153 Ala. 654, 45 So. 203; Davis v. Teague, supra; Finklea v. Farish, 160 Ala. 230, 49 So. 366.

And that one who has not resided within the corporate limits of a town or city for three months prior to an election, is not an elector therein and entitled to vote, and hence disqualified to hold office in such town. Huey v. Etheridge, 234 Ala. 264, 175 So. 268.

■ The statute, Code 1923, § 488, provides: "Elector must vote in county and precinct of residence.—At all elections by the people of this state the elector must

vote in the county and precinct of his residence and nowhere else, and must have registered as provided in this chapter; and if any elector attempts to vote in any precinct other than that of his residence, his vote must be rejected, except as provided in section 361 (290) of this Code." The reference here to section 361, is undoubtedly a typographical error. No doubt the reference was to section 363, which deals with change of residence by an elector from one precinct or ward to another. Said section 363, follows the provisions of section 178 of the Constitution, in this respect.

Section 521 of the Code, a part of the same chapter embracing section 488, provides that: "Wherever the word 'precinct' is used in this chapter, it shall include ward or wards in any incorporated towns and cities."

One of the petitioner's contentions is, that when the City of Mobile abandoned the Aldermanic form of government and adopted the commission form under Act No. 281, approved April 8, 1911, Acts 1911, pages 330-355, all wards then existing under the old charter of the city were abolished, and inasmuch as the commissioners are elected from the city at large, the provisions of section 178 of the Constitution and section 488 of the Code, are not controlling. That a vote cast at any voting place by an elector otherwise qualified than as to residence in the ward, is not an illegal vote, although ample provision was made for electors residing in the ward of the petitioner's residence to vote at such elections.

Assuming that all existing wards were abolished when the city elected to come and did come under said Act 281, it appears from the record—the return to the writ of certiorari—that "The Board of Commissioners of the City of Mobile, Ala., adopted an ordinance on May 7th, 1935, dividing said city into eleven wards, numbered one to eleven inclusive." The power and authority of the Board of Commissioners to so ordain, must be assumed, and when such ordinance was passed, said act made "all general laws of this State regulating and prescribing the conduct of municipal elections and the *qualifications* and registration of voters thereat" applicable to elections in the City of Mobile, "except when in conflict herewith." Acts 1911, p. 351, § 23. [Italics supplied.]

We find nothing in the letter or spirit of said act that conflicts with the provisions of § 178 of the Constitution or § 488 of the Code, and nothing of the kind has been called to our attention.

Another contention is that "All the provisions of an election law are mandatory if enforcement is sought before election in a direct proceeding for the purpose, but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election or that its omission shall render it void." And when this principle is considered in connection with the provisions of section 11 of Act 281, that: "No defect in the form of ballot or technicality or inaccuracy in such election or in the call, notice or conduct thereof, shall invalidate such election if the same was in substance fairly conducted and the will of the people fairly expressed thereat;" the fact that the electors did not vote in the precinct of his residence should not be allowed to vitiate the result of the election.

There are well considered authorities which recognize the first above stated principle; but an examination of the authorities shows that it applies to prescriptions relating to the duties and acts of election officials and their dereliction; but not to the prescribed qualifications of electors.

The stated principle was applied in Garrett v. Cunninghame, 211 Ala. 430, 100 So. 845; Pope v. Howle, supra, to the acts and conduct of election officials in the preparation and distribution of the ballot, and the form of affidavits furnished to challenged voters.

The quoted provision of section 11 of the Act, above, does not deal with the qualification of the electors who have a right to participate in elections for the Commissioners of the city. This is left to be regulated and controlled by the general election laws of the State. Code 1923, § 361 et seq.

The conclusion is inescapable, that when the Constitution and statute sets down and prescribes the essential qualifications of electors and fixes the place where the elector must exercise his franchise, such provisions are mandatory, and the general rule, supported by almost unani-

62

mous authority, is that a vote cast at any other place than that provided by law is an illegal vote. 20 C.J. 70, § 26; McCrary on Elections, 4th Ed., pp. 67-71, §§ 87-95. See, also, State ex rel. Coe v. Harrison, 217 Ala. 80, 114 So. 905; Black v. Pate, supra; Peabody v. Burch, 75 Kan. 543, 89 P. 1016, 12 Ann.Cas. 719.

The rulings and judgment of the circuit court are in accord with the principles stated, and the judgment is due to be affirmed. So ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.