712

60 So.2d 686

## In re OPINION OF THE JUSTICES.
### No. 128.

Supreme Court of Alabama.
Oct. 21, 1952.

To the Chief Justice and Associate Justices of the Supreme Court of Alabama
Judicial Building
Montgomery, Alabama
Sirs:

In accordance with Title 13, Section 34, Code of Alabama 1940, I request your written opinion on the following constitutional questions:

1. In the light of the provisions of Section 178, Constitution of Alabama 1901, may a person (possessing all other requisites of a qualified elector), who failed on or before February 1, 1952, to pay poll taxes which became due on October 1, 1951, pay such poll tax on or after October 1, 1952, and before November 4, 1952, and thereby become eligible to vote in the general election to be held on November 4, 1952?

2. Assuming the same set of facts, do the provisions of Section 194, Constitution of Alabama 1901, allow a person described in question one to vote in the November 4, 1952, general election by paying the poll tax described in question one on or after October 1, 1952, and before November 4, 1952?

3. Is it correct to interpret the provisions of the Alabama Constitution, concerning payment of poll tax as a prerequisite for voting, so as to require that a person who possesses all the other necessary qualifications of an elector must have paid all poll tax due by him on or before February 1 next preceding the date of the election at which he offers to vote in order to be eligible to vote in that election? More specifically, do the provisions of the Alabama Constitution, concerning payment of poll tax as a prerequisite for voting, bar the person described in question one from voting in the November 4, 1952, general election?

Very respectfully,
Gordon Persons
Governor of Alabama

The Honorable Gordon Persons
Governor of Alabama
State Capitol
Montgomery, Alabama
Dear Sir:

Under date of October 15, 1952, you propounded to the Justices of the Supreme Court of Alabama, under the provisions of Title 13, § 34, Code 1940, certain questions concerning the construction of §§ 178 and 194 of the Constitution of 1901.

Each of the questions relates to the same matter and we are of the opinion that an answer to the following question will suffice: Is a person qualified to vote in the general election to be held on November 4, 1952, who was liable for poll tax on October 1, 1951, and did not pay such tax on or prior to February 1, 1952, but does pay such tax on or after October 1, 1952, and prior to November 4, 1952?

We are of the opinion that such a person would not be a qualified elector entitled to vote in the general election to be held on November 4, 1952.

We see no necessity in this advisory opinion to enter into a detailed discussion

of the provisions of § 178 and 194 of the Constitution, inasmuch as this court in the case of Finklea v. Farish, 160 Ala. 230, 49 So. 366, expressly dealt with the question, and our answer to your inquiry is in accord with the conclusion reached by the court in that case. See Ex parte Bullen, 236 Ala. 56, 181 So. 498, and Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788.

Respectfully,

J. ED LIVINGSTON
Chief Justice
JOEL B. BROWN
ARTHUR B. FOSTER
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
Associate Justices.