Sec. 2a of Art. VI, Tex.
Const. was repealed in 1954.
See Op. S-148



# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 25, 1953

Honorable Howard Carney
Secretary of State
Austin, Texas

Opinion No. S-113

Re: Payment of poll tax as a prerequisite to voting by servicemen during 1954.

Dear Mr. Carney:

Your have requested an opinion on whether the waiver of poll tax payments as a prerequisite to voting, under Section 2a of Article VI of the Texas Constitution, will be in effect during the year 1954.

Section 2a of Article VI of the Texas Constitution reads in part:

"Nothing in this Constitution shall be construed to require any person, who at the time of the holding of an election hereinafter referred to is, or who, within eighteen months immediately prior to the time of holding any such election was, a member of the armed forces of the United States, or of the Armed Force Reserve of the United States, or of any branch or component part of such armed forces or Armed Force Reserve, or the United States Maritime Service or the United States Merchant Marine, and who is otherwise a qualified voter under the laws and Constitution of this state, to pay a poll tax or to hold a receipt for any poll tax assessed against him, as a condition precedent to his right to vote in any election held under the authority of the laws of this state, during the time the United States is engaged in fighting a war, or within one year after the close of the calendar year in which said war is terminated."

In letter opinions R-1304 (1948) and R-2210 (1950) this office held that the date on which World War II would terminate, within the meaning of this constitutional provision, would be the date on which it was terminated in the legal sense by congressional action or presidential proclamation. World War II was terminated in the legal sense on April 28, 1952, the date on which the Japanese Peace Treaty came into force. Att'y Gen. Op. V-1540 (1952). Thus, the period of waiver of poll tax payments

as a condition precedent to voting, based on World War II, will expire on December 31, 1953. Whether the waiver will be effective during 1954 depends on whether the Korean conflict is a war within the meaning of this constitutional provision.

Section 8 of Article I of the United States Constitution gives to Congress the power to declare war. There has been no formal declaration of war against North Korea or Communist China. Hence, we are faced with the question of whether "war," as used in Section 2a of Article VI of the Texas Constitution, includes undeclared war.

In Western Reserve Life Insurance Co. v. Meadows, decided October 7, 1953 (not yet reported), the Supreme Court of Texas held that the Korean conflict is a war within the meaning of a double indemnity provision of an insurance policy which rendered the accidental death benefit void if the insured was in military service "in time of war" at the date of the accident. The opinion contains an exhaustive review of cases dealing with "de facto war" as distinguished from "technical war" or "legal war," that is, war declared by Conress. In accordance with the rule that terms used in contracts of insurance are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows them to have been used in a technical or different sense, the court held that the term "war" in the insurance contract meant war in fact.

The Meadows opinion is an authoritative determination, as regards matters of Texas law, that the Korean conflict is a de facto war.

Similar to the rule of construction followed in the Meadows case, the language of a constitutional provision is to be given its usual and ordinary meaning--the meaning which the voters reasonably understood it to have. Cox v. Robison, 105 Tex. 426, 150 S.W. 1149 (1912); Ball v. Davis, 118 Tex. 534, 18 S.W. 2d 1063 (1929). Another rule is that the language should be construed in the light of the purpose it was intended to accomplish. Cox v. Robison, supra. Since members of the regular military establishments are not qualified electors in Texas, the waiver of poll tax payments in Section 2a of Article VI as a condition precedent to voting was adopted for the benefit of the "citizen soldiers" who are recruited by both voluntary and compulsory means in time of national stress. One of the purposes of the waiver was to prevent the men and women whose normal way of life had been thus interrupted from being disfranchised by a failure to attend to a detail of civilian activity. The considerations which motivated the adoption of the constitutional amendment are present with equal force in an undeclared war as well as a declared war. We are of the opinion that the people

of this State, in adopting Section 2a of Article VI, understood and intended the term "war" to mean war in fact as well as war in its technical sense.

The insurance cases holding that war means war in fact involve private contract matters and are not necessarily controlling on whether the waiver provision in our State Constitution contravenes the Federal Constitution. It remains for us to consider whether the extension of the waiver to periods defined by the existence of an undeclared war conflicts with the constitutional power of Congress to declare the existence of a legal state of war.

Except as restricted by the Federal Constitution, the determination of the qualifications of its electors and the requirements for eligibility to vote are matters solely within the control of each individual State. Breedlove v. Suttles, 302 U.S. 277 (1937). The grant of special voting privileges to citizens of the State for their service in the armed forces and related services is within the power residing in the State to "condition suffrage as it deems appropriate." Davis v. Teague, 220 Ala. 309, 125 So. 51 (1929), appeal dism. 281 U.S. 695 (1930). The conditioning of the privilege upon service during time of undeclared war has no effect beyond the internal affairs of the State in prescribing the requisites for voting by its own citizens, and we are of the opinion that it does not interfere with the prerogative of the political department of the Federal Government to declare the legal existence of a state of war.

Since actual hostilities in the Korean conflict were not suspended until July 26, 1953, it is manifest that the entire year of 1954 will come within the waiver period. Persons coming within the waiver provisions of Section 2a of Article VI of the Constitution of Texas will not be required to pay a poll tax as a condition precedent to voting during 1954.

It should be noted that although this section of the Constitution waives payment of poll tax as a prerequisite to voting in certain instances, it does not nullify the poll tax otherwise levied by the Constitution and statutes. Att'y Gen. Op. 0-6821 (1945).

## SUMMARY

The Korean conflict is a war within the meaning of Section 2a of Article VI of the Texas Constitution. The waiver of poll tax payments as a prerequisite to voting which is granted by that section to certain persons in military and

allied services will be in effect during the year
1954.

                              Yours very truly,

                              JOHN BEN SHEPPERD
                              Attorney General

                              By s/Mary K. Wall
                                  Mary K. Wall
                                  Assistant

APPROVED:

J.C. Davis, Jr.
Reviewer

John Atchison
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

MKW:wb:wc