

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

March 9, 1953

Hon. Henry B. Hardt, President
Board of Examiners in the Basic Sciences
407 Perry-Brooks Building
Austin, Texas                    Opinion No. S-16

Re: Eligibility of a board
    member to continue serv-
    ing after terminating the
    employment with an insti-
    tution of higher learning
    which was required to
    qualify for appointment
Dear Sir:                           to this office.

        Your request for an opinion reads in part as
follows:

        "This is a request for information con-
    cerning eligibility of a member of The Texas
    State Board of Examiners in The Basic Sci-
    ences.

        "  ° ° °

        "One of the members of the original
    Board appointed by Governor Shivers in 1949
    was Dr. Ophelia C. Wesley of Daniel Baker
    College.  Her first appointment was for a
    two year term.  At the expiration of the
    two year term she was re-appointed by
    Governor Shivers for a six year term.  A
    few weeks ago she severed connections with
    Daniel Baker College, and is at present
    not connected with a college or university.
    My question now is, is she still eligible
    to be a member of the Board?  Her services
    are quite satisfactory and we will be glad
    to have her continue to be a member of the
    Board, if it is permissible under the law."

        Qualifications of the Board of Examiners in
the Basic Sciences are prescribed in Section 3 of Article

4590c, Vernon's Civil Statutes, which provides in part
as follows:

> " . . . The members of the Board shall
> be selected because of their knowledge of
> the basic sciences named in this Act, and
> each member shall be a professor, or an
> assistant or associate professor or an
> instructor on the faculty of the University
> of Texas, the Agricultural and Mechanical
> College of Texas, the Texas Technological
> College, Baylor University, Southern Meth-
> odist University, Texas Christian University,
> St. Edwards University, Rice Institute,
> Southwestern University, or any other insti-
> tution or college located within the State
> of Texas of equal academic standing and
> facilities for instruction. Each member
> shall have resided in the State of Texas
> not less than one (1) year next preceding
> his appointment. No member of the Board
> shall be actively engaged in the practice
> of the healing art or any branch thereof,
> nor possess or have in the past possessed a
> license to practice the healing art or any
> branch thereof, nor be employed by any
> medical branch of any school or college."

Under the provisions above quoted, each mem-
ber is specifically required to be a professor, assist-
ant, associate professor or an instructor on the faculty
of a college within the State of Texas. The sole ques-
tion for our determination is whether this eligibility
requirement applies only to the time of appointment or
if it is of a continuing nature. Although we have been
unable to find any Texas case on this question, it is
stated in 88 A.L.R. 828, that "Eligibility to public
office is of a continuing nature, and must subsist
at the commencement of the term, and during the occu-
pancy of the office." State ex rel. Coe v. Harrison,
217 Ala. 80, 114 So. 905 (1927); Jeffries v. Rowe, 63
Ind. 592 (1878); State ex rel. Johnston v. Donworth,
127 Mo. App. 377, 105 S.W. 1055 (1907); Com. v. Yeakel,
13 Pa. Co. Ct. 615 (1893); State ex rel. Fugina v.
Pierce, 191 Wis. 1, 209 N.W. 693 (1926); Brown v. Woods,
2 Okla. 601, 39 Pac. 473 (1895). Contra: Plunkett v.
Miller, 162 Miss. 149, 137 So. 737 (1931).

It is seen by the above quoted authorities that it is the general rule in other jurisdictions that an officer vacates his office whenever he becomes ineligible to hold the office, for eligibility requirements are of a continuing nature. This rule is in accordance with the general policy in this State in regard to the residence requirement set out in Section 14 of Article XVI of the Constitution of Texas which states:

> "All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held." (Emphasis added.)

Since Dr. Ophelia C. Wesley is no longer connected with a college or university, it is our opinion that she is not now eligible to be a member of the Board of Examiners in the Basic Sciences.

## SUMMARY

Each member of the Board of Examiners in the Basic Sciences is required by Section 3 of Article 4590c, Vernon's Civil Statutes, to be a professor, assistant, associate professor, or an instructor in the faculty of a college located within the State of Texas at all times during his or her term of office.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

By *John Reeves*
John Reeves
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:am