FRENCH v. VENNEMAN.

FRENCH
v.
VENNEMAN.    Action for criminal intercourse with *Eleanor*, the plaintiff's wife. Answer in
denial, and propounding interrogatories, and among others this: "How
often within the last five years did you carnally know any woman or girl,
other than said *Eleanor?*" which was stricken out on motion. *Held*, that this
was not error; that the plaintiff could not be compelled to answer, for the
reason that his answer might expose or tend to expose him to a criminal
prosecution under the statute against living in open and notorious adultery
or fornication.

Monday,
June 4.

APPEAL from the *Kosciusko* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff below,
brought an action against *French*, charging him with hav-
ing had, at divers times, criminal intercourse with one
*Eleanor Venneman*, the plaintiff's wife.

, The defendant answered the complaint by a general de-
nial. With this answer he filed various interrogatories,
propounded to the plaintiff, among which is the following:
"How often, within the last five years, did you carnally
know any woman or girl, other than the said *Eleanor?*"

Upon the filing of this interrogatory, the plaintiff moved
to strike it from the files. The Court sustained the mo-
tion, and the defendant excepted.

The point involved in this ruling is the only one made
in the appellant's brief; hence that alone will be noticed.
See rule 28 of this Court.

The code provides that "either party may propound in-
terrogatories, to be filed with the pleadings, relative to the
matter in controversy, and require the opposite party to
answer the same under oath." 2 R. S. p. 97, § 303. The
defendant, no doubt, had a right to prove, in mitigation
of damages, the profligate habits of the plaintiff, and his
criminal connection with other women. 3 Phil. Ev., 6th
Am. ed., 528. And the purpose of this interrogatory was
to elicit such proof. But the inquiry arises, could the
plaintiff have been compelled to answer the interrogatory?
A witness cannot be compelled to answer any question
the answering of which may expose or tend to expose him

to a criminal charge, or any kind of punishment. He is exempted by his privilege from answering not only what will criminate him directly, but also what has any tendency to criminate him. If the fact to which he is interrogated forms but one link in the chain of testimony which would convict him, he should not be required to answer. 2 Phil. Ev., 6th Am. ed., 929.— *Garvin* v. *Scammon*, 9 Fost. (N. H.) 280.— *Coburn* v. *Odell*, 10 *id.* 540. The law thus protects a witness, and there seems to be no reason why a party, when called on to answer interrogatories, should not be allowed the same degree of protection. Indeed, it has been decided, under a statute in effect the same as ours, that a party is not required to answer interrogatories, in case such answer would make him liable to a penalty or forfeiture, or tend thereto. *Thornton* v. *Adkins*, 19 . Geo. R. 464.

We have a statutory crime thus defined: "Every person who shall live in open and notorious adultery or fornication, shall be fined," &c., "and imprisoned," &c. 2 R. S. p. 433, § 21. In this instance, the interrogatory assumes that the plaintiff had been guilty of adultery, an essential element in the crime, as defined by the statute, and requires him to state how often he had been so guilty within a given period. And had he answered, it seems to us that his answer might have tended to expose him to a criminal prosecution. At least it might have disclosed various acts of illicit intercourse with a woman, and so constitute a link in the chain of testimony necessary to convict him of the statutory crime of adultery. *Pickard* v. *Collins*, 23 Barb. 444.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*L. C. Jacoby*, for the appellant.