## *Ex parte* Boscowitz.

*Application for Certiorari.*

1. *Criminating questions; adultery and fornication.*—A witness can not be compelled to answer any question, the answer to which would tend to criminate him, or would constitute a necessary link in the chain of testimony sufficient to convict him of a criminal offense; and therefore, on the trial of a common prostitute as a vagrant, a witness can not be required to answer whether he has had sexual intercourse with her.

*Certiorari* to Montgomery City Court.
Hon. T. M. ARRINGTON, Judge.

ARRINGTON & GRAHAM, and RICE & WILEY, for petitioner,

cited *People v. Mather*, 4 Wendell; *Boles v. State*, 46 Ala. 204; *Campbell v. State*, 23 Ala.; *Clarke v. State.* 78 Ala. 474; *Calhoun v. Thompson*, 56 Ala. 166; *Woods v. State*, 76 Ala. 35; *Locket v. State*, 63 Ala. 5; *Marler v. State*, 67 Ala. 55; 1 Greenl. Ev. § 451.

THOS. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—The petitioner was adjudged guilty of a contempt, and ordered to be imprisoned, for refusing to answer a question propounded to him as a witness. His refusal was based on the ground, that his answer would tend to criminate, humiliate and degrade him. We may discard from consideration the ground that the tendency of the answer would be to humiliate and degrade. The privilege of refusing to answer is restricted to questions, answering which may tend to criminate the witness, or expose him to punishment.—*Hall v. State*, 40 Ala. 698. It is an established and universally accepted maxim of the common law, that a witness shall not be compelled to answer any question that tends to criminate him, or to expose him to a criminal prosecution, or to a penalty, which finds expression in the constitutional guaranty, that no person shall be compelled to give evidence against himself. The right of exemption extends, not only to answers which may criminate, but also to such as may *tend* to criminate.

On the trial of a female, charged with being a common prostitute, and having no honest employment, whereby to maintain herself, under section 4218 of the Code of 1876, the petitioner was called by the prosecution and sworn as a witness. Having testified that he was a witness before the grand jury in July, 1887, when the indictment was found, the question was proposed to him, whether or not he had had sexual intercourse with the accused within six months prior to the time he was before the grand jury. The court instructed the witness that it was his duty, and directed him, to answer the question. The witness refused to answer; whereupon the court adjudged him guilty of a contempt, and ordered his imprisonment. By the rule, as held in this State, it was the province of the court to determine, in the first instance, whether a direct answer to the question proposed would furnish criminating evidence against the witness. The rule is founded on the duty of the court to take care that the exercise of the privilege shall not extend, by mistake or error of

[Ex parte Boscowitz.]

the witness, or on simulated pretense, to the suppression of evidence, which is necessary to the due administration of the law, and in giving which there can be no real and appreciable danger of crimination, or exposure to prosecution, or to any kind of punishment.—*Calhoun v. Thompson*, 56 Ala. 166. It is also of the highest importance, that the witness shall be protected in the proper and rightful exercise of his privilege, which has for its object the security of life and liberty. The court should not require the witness to *fully* explain the manner in which his answer may tend to criminate him, as the purpose of the privilege may be thereby defeated; nor should he be required to answer, when he claims his privilege, unless from the nature of the answer, and the circumstances of the case, it is evident to the court that his answer can not have any tendency to expose him to a criminal charge or prosecution, or to a penalty. If the prosecution for the offense is barred by the statute of limitations, the reason of the privilege ceases, and the witness should be compelled to answer. The record only presents the question proposed to the witness, and the nature of the case which was being tried. No other circumstances are disclosed, and the statute of limitations had not barred a prosecution at the time the witness was being examined. The question, therefore, is, whether his answer would tend, *prima facie*, to expose him to a criminal charge.

Under the statutes, there are crimes in which sexual intercourse is an important and essential fact. Reference to one will suffice. Section 4012 of Code of 1886, makes it an offense, indictable and punishable, for any man and woman to live together in adultery or fornication. It is true that the statute was not designed to punish a single act, or occasional acts of illicit intercourse. It was intended to prohibit and punish a state or condition of cohabitation, intended by the parties to be continuous at their pleasure. This state of cohabitation may be assumed in a single day if such is their purpose, and if the parties live together in adultery or fornication for a single day, intending a continuance of the connection, the offense is complete, though it may be unexpectedly broken off by some extraneous cause.—*Hall v. State*, 53 Ala. 463. While a single act, or occasional acts, are not offenses against the criminal law, sexual intercourse is an essential element of the statutory crime. A witness should not be compelled to answer a question, the answer to which will disclose an important and essential fact of the

30

[Hawk et al. v. The State.]

crime, to a prosecution for which he may be exposed; or which constitutes a necessary and essential link in the chain of testimony . sufficient to convict. If the witness is compelled to answer a question, which calls for only one act of criminal intercourse, which would not of itself tend to criminate, question may nevertheless succeed question, until the answers to all would furnish sufficient evidence, on which to base a criminal prosecution. A witness should not be compelled to answer as to any one act, the constant and frequent repetition of which may constitute the statutory offense, and furnish sufficient evidence to convict. On a prosecution for living together in adultery or fornication, all the constituents of the offense may be established, except the fact of sexual intercourse, and this be shown by the answer of the witness to the question proposed; thus compelling him to furnish an essential link in the chain of testimony.—*French v. Venneman*, 14 Ind. 282; *Ford v. State*, 29 Ind. 541.

The order of the City Court, adjudging the petitioner guilty of a contempt, and ordering his imprisonment, must be quashed, and the petitioner discharged.