# *Ex parte* Pearce.

## *Petition for Writ of Habeas Corpus.*

1.  *Jurisdiction of courts as to contempts; when not revised on appeal or habeas corpus*—Every court is the exclusive judge of a contempt committed in its presence or against its process, and the exercise of such power by a court having jurisdiction of the subject matter and the person can not be revised on appeal, nor assailed collaterally by a resort to a writ of *habeas corpus;* but where there is either a want or excess of jurisdiction in the court adjudging the contempt, a writ of *habeas corpus* is then the appropriate remedy for the release of the person who claims to be illegally restrained of his liberty under such an order.

2.  *Same; same.*—Where, in a cause in which the court has jurisdiction of the subject matter and the person against whom the process is issued, an attachment is issued for a witness, under which he was arrested, and which was regular on its face, shows no want or excess of jurisdiction by the court in its issuance, and sets out the facts upon which it was issued, reciting that they were made known to the court "by competent evidence," and that thereupon it was adjudged that the witness willfully refused to testify or to appear in obedience to the subpœna served upon him, wherefore he was ordered attached for such disobedience, the issuance of such an attachment can not be assailed by a writ of *habeas corpus*, and the witness so attached can not be discharged on *habeas corpus* before another judge.

3.  *Same; same.*—In such a case, where the witness attached seeks to be discharged on writ of *habeas corpus* before another judge, irregularities in the issuance of the attachment, however gross, can not be inquired into in the *habeas corpus* proceedings; but all such questions are for the determination of the court issuing the attachment on a return thereof to that court.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN G. WINTER.

L. B. Pearce, who resided near Selma, Alabama, in Dallas county, was subpœnaed as a witness to attend the circuit court of Calhoun county, which met at Jacksonville, Alabama, 133 miles from the place of the residence of L. B. Pearce. The subpœna was duly issued and executed on Pearce between nine and ten o'clock A. M. Sunday, May 3, 1896. The subpœna did not have the indorsement described by section 2793 of the Code

of 1886 ; Pearce did not attend court in response to the subpœna, whereupon, on the 4th day of May, 1896, a writ of attachment, regular in form, was issued out of the circuit court of Calhoun county by the clerk thereof, which was placed in the hands of W R. Waller, sheriff of Montgomery county, Alabama, and by him executed by arresting L. B. Pearce, and turning him over to E. G. Caldwell. sheriff of Calhoun county, Ala. Upon the same day of his arrest, said L. B. Pearce filed a petition, addressed to Hon. John G. Winter, judge of the city court of Montgomery, praying a writ of *habeas corpus*. The judge issued a mandate to Caldwell, who was in charge of Pearce, to bring him before him. Caldwell obeyed this mandate by bringing said Pearce before the judge, and' upon hearing the evidence, said judge refused to discharge Pearce. Pearce claimed his right to be discharged under section 4785 of the Code of 1886, and also by reason of the fact that the subpœna served upon him did not have the indorsement required by section 2793, and was furthermore served on Sunday. Evidence of these facts were introduced before the presiding judge, as stated above.

The petitioner prosecutes the present appeal from the judgment refusing to discharge him on *habeas corpus*, and this judgment is assigned as error.

GRAHAM & STEINER, for appellant.—This is not a commitment for contempt but simply a procedure to bring the petitioner (witness) in court upon a writ of attachment, then and there for the court to say if he be in contempt, and if so, fine or imprison him, one or both. This statute must be strictly construed, and hence the writ under which petitioner is held, is not in the language of section 4784, a commitment for contempt. 24 Amer. & Eng. Encyc. of Law. 171 ; *In re Gunn*, 50 Kan. 155 ; 3 Amer. & Eng. Encyc. of Law, 783 and notes.

2. Can a judge inquire into the legality of a commitment? The section of the Code cited above says he can not inquire into the justice or propriety of any commitment for contempt made by a court, officer, or body, according to law and charged in such commitment. This section does not say that the judge can not inquire into the legality, and by the strongest possible inference, in-

asmuch as the section says that the commitment must be according to law, the most sensible construction to be put upon it is, that unless it was according to law, it can be inquired into. If this contention be not true, then why does this section say that the commitment made by the court must be made according to law. This expression, "according to law" is not surplusage; was not put in this section by accident or mistake, but it is an inherent part and important portion of the section, and is legally entitled to its natural construction, and no other can be placed upon it than that we here give it. If this be not true, then this expression has no meaning. Notwithstanding this, we insist that the judge could have inquired into the legality of the writ of attachment, and doubly strong is our position inasmuch as there was no commitment in this case, and we contend that the process issued in this case, *i. e.* the writ of attachment, was not a commitment, for the reasons stated above.—*Ex parte State in re Merlet*, 71 Ala. 371; 9 Amer. & Eng. Encyc. of Law, 224; 24 Amer. & Eng. Encyc. of Law, 574.

3. The attachment issued in this case was void: 1st. Because the subpœna did not have the indorsement on it provided by section 2793 of the Code; and, 2d, because the subpœna was served on Sunday, and hence the court did not have jurisdiction of the petitioner's person.—Murfree on Sheriffs, p. 75, § 150; *In re Long*, 87 Ala. 46; *Ex parte Reynolds*, 87 Ala. 138; *Ex parte Barker*, 87 Ala. 4; *Ex parte Hubbard*, 65 Ala. 473; *Ex parte Simmons*, 62 Ala. 416; *Ex parte Merlet*, 71 Ala. 371; *Ex parte Hardy*, 68 Ala. 303.

Wm. C. Fitts, Attorney-General, for the State.—This proceeding was an attempted collateral attack upon the judgment of contempt as adjudged by the circuit court of Calhoun county, and of course can not be countenanced under the statute.—Code, § 4984; *Kirby v. State*, 62 Ala. 53.

HARALSON, J.—It is admitted that the writ of attachment under which petitioner was arrested and held in custody was regular in form. It was addressed to any sheriff of the State, and was issued by the circuit court of Calhoun county in term time. It recites:

"It having been made known to the court by competent evidence, that heretofore, viz., on the 30th day of April, 1896, a subpœna issued out of this court directed to L. B. Pearce, commanding him to appear at the present term of the court, to give evidence in behalf of the defendant in a case pending in this court, wherein Lizzie Hendrix is plaintiff and Southern R'y Co. is defendant, and it appearing to the court by the return of the sheriff on said subpœna indorsed, that the said L. B. Pearce was duly served with a copy of said subpœna, and it further appearing that said L. B Pearce has willfully refused to testify as by said subpœna he was required, and willfully and without good excuse refuses to appear in obedience to said subpœna : You are, therefore, commanded to arrest the said L. B. Pearce and him safely keep so that you may have him before the court on the instanter," &c.

It can not be denied, that a witness who has been duly subpœnaed by a competent court to give his evidence in a cause therein pending, is guilty of a contempt of court if he refuses or fails to attend without excuse for his delinquency.—24 Am. & Eng. Encyc. of Law, 171, and authorities, note 2; 3 *Ib*. 783.

Section 4784 of the Code provides, that "no court, chancellor, or judge, on the return of a writ of *habeas corpus* has authority to inquire into the regularity or justice of any order, judgment, decree or process of any court legally constituted, or into the justice or propriety of any commitment for contempt made by a court, officer or body, according to law, and charged in such commitment."

In *Ex parte John Hardy*, 68 Ala. 315, it was said : "It can not be denied, that every court is the exclusive judge of a contempt committed in its presence or against its process, and that the exercise of such power by a court of competent jurisdiction can not be revised on error, nor assailed collaterally by a resort to a writ of *habeas corpus*. But where there is either a want or excess of jurisdiction in the committing court, a writ of *habeas corpus* is then the appropriate remedy of the prisoner." Where the court adjudging the contempt has jurisdiction of the subject matter and the person, there must be a total want, or an excess, of jurisdiction, in order that the writ of *habeas corpus* may be invoked as an appro-

priate remedy for the release of a prisoner who claims
to be illegally restrained of his liberty under such an
order.—*Ex parte Merlet*, 71 Ala. 373 ; *Ex parte Simmons*,
62 Ala. 416. The proceeding in such cases is not in its
nature appellate but rather original, and the validity of
the order or judgment assailed is drawn in question col-
laterally. "The general principle, then, prevails, that
when a record or process is collaterally assailed, it must
be for *illegality*, not for *error or irregularity*. * * * If
the jurisdiction has not attached,—if the process, or
judgment is, therefore, without authority of law,—it is
not only *irregular* but *illegal*. But if jurisdiction has
attached, and there is a departure from, or a neglect to
observe the prescribed mode of procedure, the process
or judgment is merely irregular. However gross may
be the irregularity, the correction of it is not the func-
tion of a writ of *habeas corpus* prosecuted under the
statute."—*Kirby v. The State*, 62 Ala. 54 ; *Ex parte Hub-
bard*, 65 Ala. 473 ; *Ex parte Brown*, 63 Ala. 188 ; *Ex
parte McKivett*, 55 Ala. 236 ; *Ex parte Burnett*, 30 Ala.
461.

In the case before us, the court had jurisdiction of the
subject-matter and the person against whom the con-
tempt was adjudged and the attachment issued. The
attachment is regular on its face, shows no want or ex-
cess of jurisdiction by the court in its issuance. It sets
out the facts upon which it was issued, which, it recites
were made known to the court "by competent evidence,"
and thereupon adjudges that the petitioner "has will-
fully refused to testify as by said subpoena he was re-
quired, and willfully and without good excuse refuses to
appear in obedience to said order," wherefore he was
ordered attached for such disobedience. The judge of
the city court of Montgomery very properly refused, on
*habeas corpus* before him, to discharge the petitioner, and
left the matter where it belongs ; to the circuit court of
Calhoun county.

It is said, the subpoena was served on Sunday, and
that petitioner lived over one hundred miles from the
county seat of Calhoun county ; that no affidavit, such
as is required by section 2793 of the Code, appears to
have been made, authorizing a subpoena in such cases.
But all these questions are for the circuit court issuing
the attachment, on a return thereof to that court, and

can not be inquired into on *habeas corpus* in a collateral proceeding.

Affirmed.