165 So. 74

### Ex parte WHEELER, Judge.
### 6 Div. 849.

Supreme Court of Alabama.

Nov. 21, 1935.

Rehearing Denied Jan. 16, 1936.

Erle Pettùs and Erle Pettus, Jr., both of Birmingham, for petitioner.

Roderick Beddow and G. Ernest Jones, both of Birmingham, for respondent.

358

BOULDIN, Justice.

"Every court has power—1. To preserve and enforce order in its immediate presence. * * * 4. To control, in furtherance of justice, the conduct of its officers, and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." Code, § 8576 (4631).

For the effectual exercise of the powers conferred by the above section, the court may punish for contempt. Code, § 8579 (4632).

The power to "inflict summary punishment for contempts" extends to "1. Disrespectful, contemptuous, or insolent behavior in court, tending in anywise to diminish or impair the respect due to judicial tribunals, or to interrupt the due course of trial." Code, § 8574 (4630).

These statutes are merely expressive or definitive of the power to punish contempts, incident to all courts, essential to their functioning as tribunals for the orderly and effective administration of justice; a power as ancient as courts themselves.

■ The imposition of punishment for a direct contempt in the presence of the court, within limits prescribed by statute, is not reviewable upon an issue of fact dehors the record in any court or in any form. Such a proceeding would defeat the very ends for which such power must exist.

The power to "inflict summary punishment" cannot coexist with a right in the party to supersede and review the judgment upon an issue of fact with the trial court itself. Easton v. State, 39 Ala. 551, 87 Am.Dec. 49; Ex parte John Hardy, 68 Ala. 303; Ex parte Dickens, 162 Ala. 272, 50 So. 218; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Pope v. State, 229 Ala. 643, 159 So. 51; 13 C.J. 97, § 155.

■ Where the record in contempt proceedings discloses a want of jurisdiction, or an error of law in holding that to be contempt which in law is no contempt, but the exercise of a lawful right, a review may be had by common-law certiorari. Thus in Ex parte Boscowitz, 84 Ala. 463, 4 So. 279, 5 Am.St.Rep. 384, a witness claimed his constitutional right to refuse to answer a question tending to incriminate him. The facts were incorporated in the judgment, and so were reviewable by certiorari.

■ Other cases disclose a want of jurisdiction in the court to make the order whose violation is alleged to be a contempt (Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971); or, if the matter has proceeded to the point of imprisonment on a committal, void on the face of the record, habeas corpus is a remedy. Ex parte Pearce, 111 Ala. 99, 20 So. 343; Ex parte John Hardy; Ex parte Dickens, supra.

In case of violation of a decree or process, the question of jurisdiction, vel non, usually appears from the record on which such decree was rendered, or process issued.

And in the case of orders in court, whose violation leads to contempt proceedings, such as in Ex parte Boscowitz, supra, this court has strongly commended a recital in the record of the facts upon which the party is adjudged in contempt, so that there may be a review by certiorari.

The just judge is pleased to present the matter in such form that his own error,

if any, may not result in wrongful punishment of a citizen.

■ Our cases are equally positive that a recital of the acts or demeanor constituting a direct contempt in the presence of the court is not essential to the validity of the judgment. As suggested, a true picture of the manner, demeanor, etc., which may enter into the determination, is not readily set down on the record.

■ So, because the trial court rendered the usual judgment for contempt in the face of the court, without a specific finding of fact, furnishes no ground for a proceeding by mandamus collaterally assailing such judgment, reviewing the facts upon which the contempt was pronounced, by evidence outside the record. Such an issue between the party held in contempt and the court itself is unknown to our law, and would defeat the very ends for which the power to punish for contempt exists.

The petition for mandamus in the Court of Appeals discloses petitioner was adjudged in contempt of court for occurrences in the presence of the court while in session; presents petitioner's version of such occurrences; and thus seeks a review of the fact of contemptuous demeanor, vel non, by evidence outside the record.

■ In the exercise of the responsibility imposed upon this court by the Constitution; the duty to exercise, through remedial writs, supervision over all other judicial tribunals, we must hold such petition conferred no jurisdiction on the Court of Appeals; that in issuing a rule nisi to the judge of the circuit court, and an order superseding the contempt judgment, pending a hearing of the cause, the Court of Appeals misconceived and exceeded its jurisdiction.

Thus is presented a case wherein on petition a writ of prohibition should issue from this court, prohibiting all further proceedings in the cause pending in that court, except to dismiss same for want of jurisdiction. The writ is accordingly granted. Ex parte State ex rel. Knight, Attorney General, 229 Ala. 513, 158 So. 317.

Writ granted.

GARDNER, FOSTER, and KNIGHT, JJ., concur.