34 So.2d 17

**Ex parte HENNIES.**

**6 Div. 460.**

Court of Appeals of Alabama.

June 30, 1947.

Rehearing Denied Sept. 2, 1947.

See also, post, p. 377, 34 So.2d 22.

Jackson, Rives & Pettus, of Birmingham, for petitioner.

G. C. Boner, R. E. McAdory, Williard McCall, and S. L. Irwin, all of Birmingham, for respondent.

**HARWOOD, Judge.**

On 23 April 1947, Honorable G. C. Boner, as Judge of the Jefferson County Court of Misdemeanors, fined the petitioner in this cause Fifty Dollars and sentenced him forthwith to jail for contempt.

This action on the part of the court occurred at the close of a preliminary hearing in connection with a charge of burglary against Sally Rand, the petitioner having signed the affidavit on which the warrant of arrest was issued. Miss Rand was discharged at the conclusion of the preliminary hearing, and Judge Boner thereupon asked petitioner if he had signed the affidavit and being told by petitioner that he had, imposed the above punishment for contempt.

Having been committed to jail pursuant to the above court order the petitioner filed an original petition for a writ of mandamus in this court praying that said judgment of contempt be vacated. This court on 24 April 1947 issued a rule nisi to Judge Boner to show cause on 15 May 1947 why a writ of mandamus should not be issued as prayed, and further ordering that the sentence be suspended pending further orders of this court, and releasing petitioner from jail on his entering into a bond in the sum of Five Hundred Dollars.

Thereafter on 15 May 1947 respondent's demurrer and answer to the petition were filed and the cause argued in this court.

In Lewis et al. v. Jenkins, 215 Ala. 680, 112 So. 205, 206, our Supreme Court wrote:

"Whatever may have been the rule of pleading under the common law in mandamus proceedings, our statute * * * requires an application for mandamus to be made by petition, and treats the petition as the first pleading in the case. As such its sufficiency may be tested by demurrer. State Tax Commission v. Tennessee C. I. R. Co., 206 Ala. 355, 89 So. 179."

Grounds 3 and 3a of respondent's demurrer are respectively as follows:

"3. The petition shows most plainly upon its face that the petitioner seeks by and through the petition to review the correctness of the respondent's action as Judge of the Jefferson County Court of Misdemeanors in adjudging the petitioner to be guilty of a contempt of said court; and it is the law that a judgment of contempt is not subject to review by a petition for mandamus.

"3a. The petition for mandamus is nothing more nor less than an attempt to appeal from the judgment of the Jefferson County Court of Misdemeanors to the Court of Appeals of Alabama; and any such attempt to appeal is not permitted by law and the Honorable Court of Appeals is without jurisdiction to entertain such appeal."

■■ In Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722, which was an appeal from a judgment for the informant in a proceeding by the Bessemer Bar Association against Ed Wetzel to have Wetzel adjudged in contempt for and on account of unlawfully practicing law, our Supreme Court wrote:

"The review of an order made in a proceeding for contempt of court is by way of an appropriate extraordinary writ and not by appeal. 13 Corpus Juris 101; 17 C.J.S., Contempt, § 117; In re James H. Willis et al., [242 Ala. 284], 5 So.2d 716.

"It may be said that the remedy for review in contempt proceedings is by certiorari if the party in contempt is not in prison and by habeas corpus if the party in contempt is in prison. Robertson v. State, 20 Ala.App. 514, 104 So. 561; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Ex parte Dickens, 162 Ala. 272, 50 So. 218.

For annotations on review in civil contempt see 28 A.L.R. 33.

"The appellant has not pursued the proper remedy. In re James H. Willis et al., supra; Ex parte Connor et al., 240 Ala. 327, 198 So. 850; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971; Ex parte Dickens, 162 Ala. 272, 277, 50 So. 218, supra; Easton v. State, 39 Ala. 551 87 Am.Dec. 49."

■ Speaking through Justice Bouldin, our Supreme Court in the case of Ex parte Wheeler, 231 Ala. 356, 357, 165 So. 74, 75, reiterated the above rule in the following language:

"Where the record in contempt proceedings discloses a want of jurisdiction, or an error of law in holding that to be contempt which in law is no contempt, but the exercise of a lawful right, a review may be had by common-law certiorari. Thus in. Ex parte Boscowitz, 84 Ala. 463, 4 So. 279, 5 Am.St.Rep. 384, a witness claimed his constitutional right to refuse to answer a question tending to incriminate him. The facts were incorporated in the judgment, and so were reviewable by certiorari.

"Other cases disclose a want of jurisdiction in the court to make the order whose violation is alleged to be a contempt (Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971); or, if the matter has proceeded to the point of imprisonment on a committal, void on the face of the record, habeas corpus is a remedy. Ex parte Pearce, 111 Ala. 99, 20 So. 343; Ex parte John Hardy [68 Ala. 303]; Ex parte Dickens, supra [162 Ala. 272, 50 So. 218]"

In the recent case of Ex parte Hacker et al., Ala., 33 So.2d 324,[1] Justice Brown stated:

"It is the settled law in Alabama that common law certiorari is the remedy to review a judgment or decree holding persons guilty of contempt, who are not imprisoned, and if imprisoned, habeas corpus is the remedy. Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722; Ex parte Dickens, 162 Ala. 272, 50 So. 218; Bankston v. Lakeman, 219 Ala. 508, 122

---

[1] 250 Ala. p. 64.

So. 819; Ex parte Hill, 229 Ala. 501, 158 So. 531."

It is fundamental that mandamus will not lie where there is another adequate legal remedy, such rule stemming from the high prerogative nature of the writ of mandamus. The above decisions of our Supreme Court indicate that it is the view of that court that common law certiorari, or habeas corpus, furnish adequate legal remedies for one adjudged in contempt, the remedy to be pursued depending on whether the contemner be in or out of prison.

Nor is it apparent to us that the nature of the contempt charged, that is whether civil or criminal, direct or constructive, can effect or enlarge the nature of the remedies to be employed by one complaining of error on the part of the lower court in entering the contempt judgment.

In the opinion of the writer the doctrine enunciated in the cases above necessitates a finding on the part of this court that respondents demurrer to the petition in this case is well founded and must be sustained, and further that the rule nisi heretofore issued by this court on 24 April 1947 to Honorable G. C. Boner, Judge of the Jefferson County Court of Misdemeanors, commanding him to show cause why a peremptory writ of mandamus should not issue, and suspending the execution of the sentence for contempt imposed on the petitioner, should be withdrawn and held for naught. It is so ordered.

Concluding that the demurrer to this petition should be sustained, we of course refrain from consideration or discussion of the sufficiency of the matters set forth in respondent's answer to the petition.

Demurrer to petition sustained; rule nisi heretofore issued by this court on 24 May 1947 withdrawn and held for naught.

### On Rehearing and Petition to Amend Original Petition.

The petitioner has filed an application for rehearing and also a petition to amend his original petition.

The respondent has filed his objections to the allowance of the amendment and moved its disallowance on the following grounds:

"1. Because said amendment comes too late.

"2. Because the time for pleading or amending is over and in that if said amendment were allowed would be a complete departure from the original cause of action.

"3. Because the Court of Appeals is not bound by the rules of the Circuit Court with reference to amendments or pleadings.

"4. Because said cause has already been finally submitted on demurrers, answers, oral argument before the court and submission to the court on briefs filed by both the petitioner and respondent.

"5. Because it affirmatively appears that there was a judgment of record as shown by the attached exhibit to the original demurrer and answer filed by the respondent, duly certified by the clerk of the court.

"6. Because the respondent has elected to proceed by mandamus and is, therefore, prohibited at this late date to file additional amendments seeking to change the entire cause of action.

"7. Because the respondent has not been granted leave of court to amend his original petition.

"8. Because the time for pleading or amendment is over and the respondent is prohibited from further pleading in said matter."

### Application for Rehearing.

In his application for rehearing the petitioner argues that certiorari was not an adequate remedy at the time of filing his petition, as he was then in jail, and that habeas corpus was inadequate inasmuch as he was at the time confined in jail under a mittimus regular on its face from a court that apparently had jurisdiction of the subject matter and the person; that habeas corpus is available only when a judgment is a mere nullity; and therefore could afford no relief in this case.

The fact that petitioner was incarcerated under a mittimus regular on its face is presented for the first time in petitioner's brief in support of his application for a rehearing. The original petition for man-

damus is entirely silent as to this point, as is the certified copy of the transcription of the evidence "and all that transpired at the trial in said cause", which was attached to and made a part of the original petition; likewise this proposition was in no wise mentioned in petitioner's brief filed on the submission of this cause.

█ A rehearing will not be granted to consider a point not raised at the first hearing, Robinson v. Allison, 97 Ala. 596, 12 So. 382, 604, and questions not presented and discussed upon the original hearing will not be considered upon petition for rehearing. Henderson v. Huey, 45 Ala. 275; State v. Kidd, 125 Ala. 413, 28 So. 480; State v. City of Birmingham, 160 Ala. 196, 48 So. 843; Cooper v. State ex rel Hawkins, 226 Ala. 288, 289, 147 So. 432.

█ It is our opinion that petitioner's attempt to inject the above question into our consideration in his application for rehearing comes too late, and we must therefore refrain from determining the possible merits of such contentions.

The application for rehearing in this cause is denied.

Petition to Amend Original Petition.

█ The petitioner has also filed an amendment to his original petition, setting up additional grounds among which it is asserted that a mittimus was issued by the Honorable G. C. Boner, as Judge of the Jefferson County Court of Misdemeanors, the mittimus being set out, and that the petitioner was confined under said mittimus. This amendment to the original petition concludes with the following prayer:

"Now Therefore; said petitioner prays that his foregoing amendment to this original petition be ordered filed and allowed; and further prays that upon his amended petition together with the original certified transcript of the proceedings of the record and other papers filed together with the original petition that his prayer to the amended petition be amended by adding the following thereto:

"Wherefore your petitioner respectfully prays that in the alternative a writ of certiorari may be issued out of and under the

seal of this Court directed to the Honorable G. C. Boner as Judge of the Jefferson County Court of Misdemeanors and to the said Jefferson County Court of Misdemeanors commanding and directing the said Court to certify and send to this Court on a day certain to be therein designated a full and complete record of all proceedings of the said Jefferson County Court of Misdemeanors in said contempt cause to the end that the said case may be reviewed and determined by This Honorable Court as provided by law; or that This Honorable Court shall make and enter an order to review said cause upon the record as here filed including the answer of the respondent; and if mistaken in the relief herein your petitioner prays for such other, further or different relief as he may be entitled."

In support of his effort to amend his original petition the petitioner asserts in his brief that such amendment should be allowed under the provisions of Section 1072 of Title 7, Chapter 30, Code of Alabama 1940, which section is as follows:

"All applications for mandamus, prohibition, certiorari, or other remedial writ of a supervisory nature, shall be commenced by a petition verified by affidavit, in which the facts shall be stated as briefly and succinctly as the case will admit of; and any defendant may demur, plead, or answer as to all such matters as may be necessary to his defense; and any of the pleadings in such proceedings may be amended as often as occasion may require to attain the ends of justice, and by striking out parties and adding new parties; and upon the issues thus presented, the court shall award the relief, if any, to which the petitioner is entitled."

It is our opinion that Section 1072, supra, pertains to amendments while the proceedings are in progress. Under the provisions of Section 239, Title 7, Code of Alabama 1940, a court has the right to refuse the allowance of amendments after conclusion of the argument, when in its judgment the trial of the cause would be unreasonably delayed, or when in its judgment injustice would result. The absence in this section

of any provision pertaining to amendments *after judgment* we think significant. A substantial number of jurisdictions are committed to the view that amendments are not permitted after rendition of judgment. See 41 Am.Jur., Pleadings, Section 297, and cases there cited.

■ To permit the amendment sought in this case would, under the prayer in the amendment, work an entire change in the remedial process, and *after judgment rendered* on the original petition change that proceeding from mandamus to certiorari. The function of the writ of mandamus is compulsory, while that of certiorari is revisory.

We have found no precedent for the allowance of the amendment sought under the conditions of this case. We feel certain none can be found among the decisions of this State. On the other hand, in the recent case of Jones v. Jones, Ala. Sup., 31 So.2d 81, the appellant had been adjudged in contempt for failure to pay alimony. From the decree adjudging him in contempt the appellant appealed to the Supreme Court. On submission the appellant also prayed for an alternative writ of mandamus in the event the appeal was not found to be the proper remedy. The appeal was dismissed for the reason that in this jurisdiction contempt proceedings are not reviewable by appeal, and the petition for the alternative writ of mandamus was denied because of the existence of other adequate remedies in that case certiorari.

After the rendition of the above judgment the appellant then instituted a new and seperate proceeding seeking review by certiorari. Ex parte Jones (Jones v. Jones), Ala.Sup., 31 So.2d 314. A certified copy of the record of the proceedings below having been brought before the Supreme Court in connection with the first proceeding, no additional certified copy of the record of the proceedings in the lower court was required in the second proceeding in certiorari.

It must be concluded that the remedial proceedings followed in the Jones cases, supra, were considered the proper procedural steps in a situation highly similar to the one now under consideration.

We therefore conclude that the petition to amend the original petition should be denied, and it is so ordered.

Application for rehearing overruled.

Petition to amend original petition denied.