284 So.2d 267

**Cladie TOWNSON**

v.

**HARVEY IMPLEMENT COMPANY, INC.,**
**a Georgia corporation, et al.**

**Civ. 233.**

Court of Civil Appeals of Alabama.

Oct. 10, 1973.

Frank J. Mizell, Jr., Montgomery, J.
Fletcher Jones, Andalusia, for appellant.

J. M. Albritton, Andalusia, for appellees.

**HOLMES, Judge.**

Appellant filed suit against the appellee claiming damages for the breach of a warranty, etc., in the sale of a cotton picker.

The trial court granted the appellee-defendant's motion to quash service and dismissed appellant's suit. An appeal is taken from the judgment of dismissal. In brief, appellant requests alternative issuance of mandamus because of the granting of the motion to quash service.

It is necessary to this opinion to set out in chronological order the sequence of events leading up to the aforementioned action of the trial court. These events will be listed in a manner hopefully helpful to the reader.

12–27–71—Suit filed by appellant.

1–21–72—Motion to quash service filed by appellee.

4–6–72—Motion to quash service overruled.

4–11–72—Plea in short filed by appellee.

4–12–72—Motion to require appellee to plead at length filed by appellant.

4–19–72—Demurrer filed by appellee.

6–14–72—Trial court, apparently on its own motion, issued order setting aside order of 4–6–72, overruling motion for an evidentiary hearing.

6–19–72—Appellant filed motion for appellee to produce certain documents at the evidentiary hearing.

7–2–72—Trial court granted appellant's motion to produce certain documents.

8–1–72—Hearing held on motion to quash.

12–28–72—Appellee's motion to quash service granted.

4–9–73—Appellant's action dismissed.

5–24–73—Notice of appeal of trial court's order of 4–9–73 given.

As this court understands the first contention of able and experienced counsel for appellant, it is that the court erred in setting aside its own order of 4–6–72. The basis of this contention is the absence of authority to change a ruling on motion to quash after issue is joined by pleading of 4–6–72.

We respond to appellant's contention by observing that the record discloses that no objection was interposed to the court's reconsideration of the motion to quash and the evidentiary hearing therein. To the contrary, the appellant took affirmative action in that he filed motions with the trial court in conjunction with the hearing and participated therein by presentation of evidence. It was not until the filing of brief

on appeal from the judgment of dismissal that objection was indicated.

■ The law is settled in this state that a trial court will not be put in error unless the matter complained about was called to its attention by objection or other appropriate method. Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865; Rice v. Hill, 278 Ala. 342, 178 So.2d 168; Thompson v. Havard, 285 Ala. 718, 235 So.2d 853.

■ We are aware that absence of jurisdiction is an exception to the above stated principle. That exception is not applicable in this instance.

Our decision that appellant's contentions regarding the above are without merit should not be interpreted as approving the trial court's action. It is only that the failure to complain prior to filing brief on appeal does not allow consideration of such action.

Appellant next contends that the trial court erred in deciding that appellee was not subject to service of process under Alabama's appropriate "long arm" statute.

■ It is the law in Alabama that mandamus is the only remedy available to review the action of a lower court in granting a motion to quash service of process. Ex parte Emerson, 270 Ala. 697, 121 So.2d 914.

Appellant, by this appeal, requests review of the trial court's action in granting appellee's motion to quash service of process. Appellant, in brief, states that if appeal is not the proper method of review, then in that event, he requests in the alternative that a writ of mandamus issue. This request in appellant's brief is the first request for writ of mandamus. Neither motion nor petition for writ of mandamus was presented prior to appeal from the judgment of dismissal.

■ While a formal petition, in this instance, is not essential in view of the fact that we have before us an authenticated transcript of the record, it is required that a motion be filed with notice given to the parties in adverse interest. We have no such motion and, most importantly, no notice to the party of adverse interest, to wit, the trial judge. See Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 So. 836; Ex parte Garland, 42 Ala. 559; 14 Ala. Dig., Mandamus, ☞154.

■ Therefore, there is not before us for review an application for writ of mandamus relating to the trial court's action granting appellee's motion to quash service of process.

In the event this case is before the learned trial judge again we invite to his attention, for use as he deems appropriate, the opinion of this court, authored by Judge Bradley, styled Hebert v. Mile High Equipment Co., 50 Ala.App. 345, 279 So.2d 518.

The remaining assignments of error relate to the admission or rejection of certain evidence. We do not believe a discussion of these matters is necessary to this opinion. Error, if any, committed by the trial court in this regard was without injury. See Supreme Court Rule 45.

All assignments of error properly presented and argued having been considered, the appeal now before us is hereby affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.