328 So.2d 298

In re Lola PINKLETON

v.

Claude STEELE, d/b/a Long's
Cash Grocery.

Ex parte Lola Pinkleton.

Clv. 610.

Court of Civil Appeals of Alabama.

Nov. 5, 1975.

Don Conway, Mobile, for petitioner.

Elwood L. Hogan, Mobile, as Respondent and Circuit Judge of the Thirteenth Judicial Circuit of Ala., pro se.

Hand, Arendall, Bedsole, Greaves & Johnston and William C. Roedder, Jr., and Donald F. Pierce, McDermott, Slepian, Kittrell & Fleming and Stephen R. Windom, Mobile, for respondent.

HOLMES, Judge.

This is a petition for writ of mandamus to compel respondent-judge to expunge his order setting aside a default judgment previously entered in favor of petitioner.

The pertinent facts as revealed by the record can be summarized as follows:

In March of 1974, in the Circuit Court of Mobile County, Alabama, petitioner Lola Pinkleton filed suit against Claude Steele, d/b/a Long's Cash Grocery. Respondent-judge entered a default judgment for $10,000 against defendant-Steele and in favor of petitioner in August of same year.

Defendant moved in March of 1975 to have the default set aside pursuant to Rule 60(b)(6) of the ARCP. One ground of defendant's motion was that a corporate entity, Long's Supermarket, Inc., was the proper party defendant, rather than the individual Claude Steele. On June 9, 1975, respondent entered an order stating in pertinent part as follows:

"It is ordered and adjudged by the Court that defendant, Claude Steele's said motion filed March 14, 1975, for Court to set aside the default judgment in this cause be, and the same is hereby granted subject to defendant, Claude Steele, dba Long's Cash Grocery, the entity, and Long's Supermarket, Inc., filing a waiver with this Court of all their rights under the Statute of Limitations with respect to this action within 30 days from date of this Order."

Petitioner came to this court seeking mandamus in June of 1975, and rule *nisi* or alternative writ issued that same month.

Due to an infirmity in the learned trial judge's order setting aside the default judgment, this court must issue the writ of mandamus.

■ Respondent's order is a conditional one. Courts as a general rule may, within *reasonable limits*, impose such terms as they may deem fit to prescribe when setting aside a default judgment. See *Mosaic Templars of America v. Hall*, 220 Ala. 305, 124 So. 879.

■ To this court in this instance, it is unreasonable to condition the setting aside of a default judgment upon the performance of an act, to wit, the waiver of a defense of the Statute of Limitations, by one not a party to the litigation. This is so because the instant condition is apparently incapable of being performed by either party to the lawsuit.

■ The fact that the condition is unreasonable renders the order setting aside the default judgment erroneous as a matter of law. See 46 Am.Jur. *Judgments* § 784. The condition cannot be severed from the order itself, in that the wording of the order clearly indicates that it would not have issued without the attachment of the said

condition. Therefore, as the condition is unreasonable, the order is erroneous in its entirety.

We would further note that petitioner, in an amendment to her petition, has apprised this court of the fact that the entity required to waive its defense of the Statute of Limitations has not done so. Put another way, the condition imposed by the judge that would trigger the default judgment being set aside has not been complied with.

The learned respondent-judge has by appropriate motion moved to strike the above mentioned amendment for the reason that the amendment was not served upon counsel for the respondent-judge, but was only served on the respondent-judge himself. While this court is of the opinion that it is certainly better practice to serve counsel, and most assuredly makes for a more harmonious bar, such is not, at this time, required by the law.[1]

The party of adverse interest in this proceeding is the trial judge, and notice of the pleadings to him is sufficient. See *Townson v. Harvey Implement Co., Inc.*, 51 Ala.App. 238, 284 So.2d 267, and cases cited therein. Additionally, Tit. 7, § 1072, Code of Ala. 1940, allows amendments to a mandamus petition while the proceedings are in progress, as was the case here. See *Ex parte Hennies*, 33 Ala.App. 229, 34 So. 2d 17.

We would further note that the proceedings here would appear to come within the purview of Supreme Court Rule 15 which allows service upon the adverse party or his counsel.

The amendment is therefore properly before us. Were we to consider the trial court's order as correct, which we do not, the default judgment would appear to stand "reinstated" by the very terms of the order itself.

Able counsel for respondent-judge moves to strike the reply brief of petitioner. This motion is bottomed on the fact that the brief was not served upon counsel for respondent-judge.

We find this motion to be well taken and the reply brief of petitioner is not considered by this court. See Supreme Court Rule 11.

While it is the policy of this court to address itself to the merits of proceedings presented to it whenever possible, for the reasons stated herein we decline in this instance to so do. We specifically express no opinion as to the applicability of Rule 60(b), ARCP.

As the order is erroneous, the petition for writ of mandamus is granted and a writ of mandamus will issue within thirty days directed to The Honorable Elwood Hogan, Judge of the Circuit Court of Mobile County, unless he shall set aside his order of June 9, 1975.

WRIT OF MANDAMUS AWARDED CONDITIONALLY.

WRIGHT, P. J., and BRADLEY, J., concur.

---

1. See Rule 21, Alabama Rules of Appellate Procedure, and comments thereunder.