HOLMES, Judge.
This is a contract case.
The seller brought an action against the buyer for an unpaid amount on a sales contract. After a hearing the Circuit Court of Mobile County awarded the seller $9,902.13.
The buyer appeals, contending that the trial court erred in allowing certain testimony to be entered into evidence that related to a “custom” in the carpet industry. We disagree and affirm.
The pertinent facts are that the buyer and seller entered into a contract for the sale of carpet. The contract allowed the buyer to receive a credit for advertisement of the carpet. However, the amount of the credit was in dispute.
One of the witnesses at trial was asked the following questions by counsel for the seller:
“Q Is there a custom in the carpet industry concerning the use of advertising credit money?
“MR. STEPHENS: Again, the same objection, Judge. Irrevelant and immaterial to this.
“THE COURT: Overrule.
“A Yes.
“Q What is that custom, please, sir?
“A The custom is that the carpet manufacturers or carpet mills give advertising monies to carpet dealers based on percentages of purchases of step up carpet that they buy from the mills.”
As stated, the buyer contends that the testimony concerning the “custom” should not have been entered into evidence.
The cases are legion which conclude the following:
“It is a generally accepted principle in this state that a party against whom inadmissible evidence is offered must make a formal objection. Such an objection is a condition precedent to the> party’s effectual complaint on appeal against the reception of such evidence. This rule is commonly phrased that matters not objected to at the trial level cannot be raised or considered for the first time on appeal.”
C. Gamble, McElroy’s Alabama Evidence § 426.01(1) (3d ed.1977).
Although, in this instance, the buyer did object to the question concerning the existence of a “custom,” there was no objection to an entirely different question relating to the substance of the “custom,” which is the basis of this appeal.
Even when viewed in the most favorable light for the buyer, had the question been virtually the same, which we do *973 not deem it to be, but repeated in a slightly different form, an objection must generally be made again in order to preserve an error. See Madison Highlands Development Co. v. Hall, 283 Ala. 333, 216 So.2d 724 (1968).
Here, however, there was clearly no objection to a question that sought a response that is the basis of this appeal, and the law is well settled in this state that a trial court will not be put in error unless the matter complained about was properly objected to at the trial level. Townson v. Harvey Implement Co., 51 Ala.App. 238, 284 So.2d 267 (1973).
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.