PER CURIAM.
We granted certiorari to review the “preservation of error” issue decided by the Court of Civil Appeals adversely to Petitioner. American Carpet Sales, Inc. v. World Carpets, Inc., 477 So.2d 971 (Ala.Civ.App.1985).
For a better understanding of the precise issue presented, we quote that entire portion of the record relating to the challenged ruling:
“Q. Tell me what the usual practices are in the carpet industry concerning the use of credit or rebates, whatever you’d call them, for advertising purposes?
*974 “MR. STEPHENS: Judge, I’m going to object. This is too broad. We’re talking about one transaction here.
“THE COURT: Sustain.
“MR. BARLAR: May it please the Court, Judge, there is a citation in McElroy’s that’s 44.01(11) that generally says that custom in the carpet trade is admissible when you’ve got to some degree an ambiguous contract. I’d like to offer this—
“THE COURT: I didn’t understand your question to be what was the custom. You said what is the usual. You have to establish that it is a custom, that it is followed. Then you ask the question.
“Q. Is there a custom in the carpet industry concerning the use of advertising credit money?
“MR. STEPHENS: Again, the same objection, Judge. Irrelevant and immaterial to this.
“THE COURT: Overrule.
“A. Yes.
“Q. What is that custom, please, sir? “A. [Then followed the answer explaining the custom.]”
The Court of Civil Appeals summarized its holding thusly:
“Although, in this instance, the buyer did object to the question concerning the existence of a ‘custom,’ there was no objection to an entirely different question relating to the substance of the ‘custom,’ which is the basis of this appeal.”
Although we agree that, in the broadest sense, the two questions (the one objected to and the one not objected to) are different, we conclude that the two questions are not different, as that term is used in the context of the applicable preservation of error rule. C. Gamble, McElroy’s Alabama Evidence § 426.01(5) (3d ed. 1977). Clearly, when the trial judge overruled the objection to the first question (the requisite predicate for the next question), he understood that the first question was not intended to stand alone; rather, he allowed that question to be answered with the full understanding of the precise substance and context of the next question.
Put another way, the two questions (1. Is there a custom? and 2. What is that custom?) are part and parcel of the same “package.” The first is essential as a predicate to the second; and the second is necessary to establish the substance of the facts sought to be proved. When the trial court overruled the objection to the question, “Is there a custom?” he necessarily ruled on the admissibility of the question “What is that custom?”
Because our review is limited to the preservation of error issue, we reverse as to that issue and remand the cause to the Court of Civil Appeals in order for that appellate court to address, on the merits, the admissibility-of-evidence issue.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
BEATTY, J., concurs in the result.